**ABATE and REMAND; and Opinion Filed July 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01144-CR

**ERNEST EDWARD GAINES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0556570-S**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Fillmore

On April 18, 2006, a jury convicted Ernest Edwards Gaines of aggravated robbery and, the next day, the trial court assessed punishment of life imprisonment and a $10,000 fine. After his conviction was affirmed on direct appeal, *see Gaines v. State*, No. 05-06-00599-CR, 2007 WL 1829724 (Tex. App.—Dallas June 27, 2007, pet. ref'd), Gaines filed a *pro se* request on October 29, 2013, for appointment of counsel under chapter 64 of the code of criminal procedure to assist him in obtaining an order for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2006 & Supp. 2015). Gaines specifically sought DNA testing of all "fingerprints, palm prints, and foot prints on steering wheel, gearshift, dashboard, and console of the victim's vehicle" and all "blood testing" and "hair samples testing" to determine if any of his blood or hair was in the victim's vehicle.

The trial court appointed counsel to represent Gaines, and his counsel filed a motion for DNA testing of biological material secured in the case that had not been previously tested. The State responded to the motion and indicated it did not oppose Gaines's request. The State indicated the police had collected "three blood standards and a control" from the driver's door and the left rear tire of the victim's car and the blood samples had not been subjected to forensic DNA testing. However, the blood samples had been stored in a warehouse that was not climate controlled until 2008, and the condition of the samples was unknown. The State conceded that identity was at issue in the case and Gaines "appear[ed] to have met his burden of establishing that he would not have been convicted if exculpatory results had been obtained through DNA testing." The trial court granted Gaines's motion on October 22, 2014, and ordered DNA testing of the blood standards and control as well as of a saliva sample to be obtained from Gaines.

On August 12, 2015, the trial court made findings on the results of the post-conviction DNA testing. Based on a report dated March 31, 2015,[1] the trial court found:

Portions of the items were extracted by a method which yields DNA.

The DNA isolated was analyzed using STR (Short Tandem Repeat) PCR (Polymerase Chain Reaction) analysis. The following loci were examined: D8S1179, D21S11, D7S820, CSF1P0, D3S1358. THOI, D13S317, D16S539. D2S1338, D19S433, vWA, TPOX, D18S51, Amelogenin, D5S818, and FGA.

01-01: Swab from the left rear tire (Item 1)
The DNA profile is consistent with an unknown female contributor.

01-02: Swab from the left door (Item 1)
No interpretable DNA profile was obtained.

01-03: Swatch from the driver's door (Item 1)
No interpretable DNA profile was obtained.

03-01: Buccal specimen from suspect (Item 2)
The DNA profile was used for comparison purposes.

---

[1] This report is not in the appellate record.

The trial court found that it examined the DNA test results during a hearing held under article 64.04 of the code of criminal procedure and, had the test results been available during the trial of the offense, it was not reasonably probable that Gaines would not have been convicted.

Gaines filed a motion for new trial and requested that an independent laboratory that was not "in the budget of the prosecution or the police department or Court" perform additional testing on the samples. Gaines also filed a notice of appeal. The trial court denied the motion for new trial, and appointed counsel to represent Gaines on appeal.

We directed the clerk of this Court to transfer the appellate record from Gaines's direct appeal of his conviction to this case and ordered the court reporter to file either a reporter's record of the hearing on the motion for post-conviction testing or written confirmation that no hearing was conducted or recorded. On October 21, 2015, the trial court made a finding that its August 12, 2015 findings were inaccurate to the extent they reflected a hearing had been held under article 64.04 of the code of criminal procedure. The trial court found that "no hearing was held concerning the results of the DNA testing" and it "entered its findings based solely on the test results without conducting a hearing."

Gaines's counsel filed a motion to withdraw as counsel accompanied by a brief in which he cited *Anders v. California*, 386 U.S. 738 (1967), and concluded "this appeal in each [sic] case is without merit and wholly frivolous" because "the record reflects no reversible error" and there were "no grounds of error upon which an appeal can be predicated." As relevant to this opinion, counsel concluded, after conducting his analysis, that:

> The trial court acted within his [sic] discretion in finding that Appellant failed to meet his burden under Chapter 64.

> After diligent review of the available record, the undersigned attorney perceives no error in the trial court's finding that Appellant has failed to meet his burden under Chapter 64.

–3–

Counsel delivered a copy of the motion and brief to Gaines. We advised Gaines he had the right to obtain a copy of the record and file a *pro se* response. Gaines filed a pro se response complaining that (1) he had experienced difficulty obtaining information about the proceedings, (2) he had not been provided a copy of the entire trial record, (3) his trial and appellate counsel had failed to comply with their obligations under the code of criminal procedure, and (4) his due process rights were violated because accepted standards were not followed in analyzing the blood samples, leading to the failure to obtain a DNA profile. Gaines requested that the blood samples be tested at the Armed Forces DNA Identification Laboratory.

When we receive an *Anders* brief from a defendant's court-appointed attorney asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744.

If we conclude, after conducting our *Anders* review, that "appellate counsel has exercised professional diligence in assaying the record for error," and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). However, if we conclude "either that appellate counsel has not adequately discharged his constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we must abate the appeal

and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689.

As relevant here, Gaines's appellate counsel determined the appeal was frivolous because the trial court did not abuse its discretion by finding Gaines had not established his right to DNA testing under article 64 of the code of criminal procedure. However, the trial court granted Gaines's motion for DNA testing, finding specifically that Gaines had met his burden of demonstrating he was entitled to the requested testing. Accordingly, we cannot conclude, based on the appellant's brief before us, that Gaines's appellate counsel "exercised professional diligence in assaying the record for error." *See Meza*, 206 S.W.3d at 689.

We grant counsel's motion to withdraw. We remove this appeal from the submission docket, abate the appeal, and remand the case to the trial court. *See In re Schulman*, 252 S.W.3d at 409; *Meza*, 206 S.W.3d at 689. We order the trial court to appoint new appellate counsel to represent Gaines, investigate the record, and file a brief on his behalf. *See In re Schulman*, 252 S.W.3d at 409.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151144RF.U05

–5–